Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
cbc@caddellchapman.com
Amy E. Tabor (SBN 297660)
aet@caddellchapman.com
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, TX 77010-3027
Tel.: (713) 751-0400
Fax: (713) 751-0906
*Attorneys for Plaintiff*

[additional counsel listed on signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| DONALD EVANS, *individually and behalf of others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>ACCURATE BACKGROUND, LLC<br><br>*Defendant.* | Case No. 16-cv-188<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Violations of the Fair Credit Reporting Act, 15 U.S.C. Sec. 1681, et seq. |

# CLASS ACTION COMPLAINT

PLAINTIFF DONALD EVANS, on behalf of himself and all similarly situated individuals, files this Class Action Complaint and states as follows:

## INTRODUCTION

1. This is a case about a consumer reporting agency's willful failure to follow federal law designed to protect consumers from the unauthorized use of consumer reports about them in the employment context.

2. Employers regularly use consumer reports to screen applicants and employees to make employment decisions, including hiring, firing, demotion, and promotion.

3. Recognizing that the use of consumer reports for employment purposes can have a significant impact on consumers' lives, Congress chose to regulate the use of consumer reports in connection with employment decisions through the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

4. Protecting consumers' "right to privacy" was one of Congress's avowed purposes when enacting the FCRA. 15 U.S.C. § 1681(a)(4). To achieve this end, Congress gave consumers the right to control the dissemination of their personal information in a consumer report for employment purposes, and to choose whether or not they authorize an employer to obtain their private information in making employment decisions. Prior to obtaining a consumer report for employment purposes, an employer has two obligations. First, it must provide the consumer with a clear and conspicuous written disclosure that it may obtain a consumer report for employment purposes. Second, the employer must obtain the consumer's written authorization to obtain a consumer report. 15 U.S.C. § 1681b(b)(2).

5. In furtherance of its goal to ensure "respect for the consumer right to privacy," 15 U.S.C. § 1681(a)(4), Congress also imposed requirements on

consumer reporting agencies who furnish consumer reports for employment purposes. A consumer reporting agency may furnish a consumer report for employment purposes only if it first obtains a certification from the employer that the consumer has authorized the employer to obtain a consumer report about him. 15 U.S.C. § 1681b(b)(1). This certification process ensures that consumer reporting agencies furnish reports for employment purposes only when they know the consumer has authorized them to do so.

6. In tandem, Sections 1681b(b)(1) and (2) protect consumers' "right to privacy" by allowing consumers to control the dissemination of their personal information in consumer reports for employment purposes.

7. Defendant Accurate Background, Inc. routinely and systematically violated the FCRA by failing to obtain the certifications required by Section 1681b(b)(1) prior to furnishing consumer reports to its users. In doing so, Accurate Background, Inc. furnished thousands of consumer reports without knowing whether consumers had actually authorized it to disseminate their personal information to an employer or prospective employer, and deprived consumers of their right under the FCRA to control the dissemination of their personal information in a consumer report for employment purposes.

8. On behalf of himself and the putative class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief pursuant to the FCRA.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

10. Venue is proper in this Court under 28 U.S.C. § 1391 as Defendant resides and regularly conducts business in this district, including contracting to supply goods and services in this district. Additionally, Plaintiff resides in this

district and the consumer report at issue in this lawsuit was procured in this district.

## PARTIES

11. Defendant is a California corporation. Defendant can be served with process via its registered agent, CT Corporation System, located at 818 West Seventh Street, Los Angeles, California, 90017.

12. Defendant is a "person" as defined by the FCRA. The FCRA defines a "person" as ". . . any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental sub-division, or other entity."

13. At all times relevant hereto, Defendant was a consumer reporting agency ("CRA") as defined by 15 § U.S.C. 1681a(f).

14. During the relevant time, Defendant was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties for employment purposes.

15. Plaintiff is a resident of California and is a "consumer" protected by the FCRA, 15 § U.S.C. 1681a(c).

## FACTUAL ALLEGATIONS

### The Statutory Landscape

16. Congress has imposed a comprehensive statutory scheme governing the reporting and use of information concerning consumers' backgrounds in the employment context. A key component of Congress's oversight is giving consumers the right to control the dissemination of their private information in consumer reports used for employment purposes.

17. To ensure that consumer reporting agencies have "a respect for the consumer's right to privacy," Congress required that before furnishing a consumer

report about an individual for employment purposes, a consumer reporting agency must obtain a certification from the user certifying that the consumer has authorized the consumer reporting agency to furnish the report. 15 U.S.C. § 1681b(b).

18. 15 U.S.C. § 1681b(b) regulates the conduct of "persons" who furnish, use, procure or cause to be procured a "consumer report" for employment purposes as follows:

> (b) Conditions for furnishing and using consumer reports for employment purposes
>
> (1) Certification from user
>
> A consumer reporting agency may furnish a consumer report for employment purposes only if –
>
> (A) the person who obtains such report from the agency certifies to the agency that—
>
> (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and
>
> (ii) (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and
>
> (iii) (B) the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

19. Thus, according to 15 U.S.C. § 1681b(b), a consumer reporting agency may not furnish to a user a consumer report for employment purposes unless the

user has certified to the consumer reporting agency that it has complied with paragraph (2) of Section 1681b(b) with respect to the consumer report, and that it will comply with paragraph (3) of Section 1681b(b) with respect to the consumer report.

20. Several courts have held that prospective, blanket certifications obtained by a consumer reporting agency from a user do not comply with 15 U.S.C. § 1681b(b) because they run counter to Section 1681b(b)(1)'s use of the phrase "has complied," which refers retrospectively to an action already taken. See, e.g., *Syed v. M-I LLC*, No. 1:14-742-WBS-BAM, 2014 WL 5426862, at **4–5 (E.D. Ca. Oct. 23, 2014); *Robles v. Ampam Parks Mechanical, Inc.*, No. 14-02362-VAP, 2015 WL 1952311, at **4–5 (C.D. Ca. Apr. 28, 2015).

21. On a systemic and nationwide basis, Defendant undermined Congress's carefully-designed requirements for protecting consumers' rights to privacy, unlawfully furnishing consumer reports without obtaining certifications that the individual consumers had authorized it to do so. Defendant unlawfully placed its business interests above the rights of consumers, thereby depriving consumers' of their right to control the dissemination of their personal information under the FCRA.

22. Based on Defendant's conduct, Plaintiff asserts FCRA claims on behalf of himself and the Class defined below. Plaintiff seeks statutory damages, punitive damages, equitable relief, attorneys' fees, expenses, costs, and all other appropriate relief.

**BACKGROUND REPORTS FURNISHED BY DEFENDANT**

23. On or about April 2, 2015, Amazon ordered a consumer report regarding Plaintiff from Defendant for employment purposes.

24. Shortly thereafter, Defendant furnished Plaintiff's consumer report to Amazon.

25. Upon information and belief, at the time it furnished Plaintiff's consumer report to Amazon, Defendant had not obtained from Amazon a certification that Amazon "has complied with paragraph (2) [of Section 1681b(b)] with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable."

26. Instead, the consumer report furnished by Defendant stated that, "Client agrees and certifies that its ordering of this report is in strict compliance with any applicable local, state, and federal laws and regulations."

27. Upon information and belief, at all times relevant to this action, all of the consumer reports that Defendant has furnished to users have contained this same certification.

28. Additionally, and upon information and belief, Defendant required Amazon to sign a customer agreement, which required that Amazon prospectively certify that it will comply with the Fair Credit Reporting Act, including Section 1681b(b)(1).

29. Upon information and belief, and at all times relevant to this action, Defendant has required the users to whom it furnishes consumer reports sign customer agreements, which require that the users prospectively certify that they will comply with the Fair Credit Reporting Act, including Section 1681b(b)(1).

30. Defendant has violated Section 1681b(b)(1) by furnishing consumer reports regarding Plaintiff and other class members for employment purposes without first obtaining from the persons who obtained such report a certification that such person "has complied with paragraph (2) [of Section 1681b(b)] with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable."

31. Defendant knew or should have known about its legal obligations under the FCRA. The language of Section 1681b(b)(1) is plain and clearly ascertainable. According to Section 1681b(b)(1)(A), a "consumer reporting agency may furnish a consumer report for employment purposes only if—(A) the person who obtains such report from the agency certifies to the agency that—(i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation." (Emphasis added.)

32. Defendant's obligations also are well established in the promulgations of the Federal Trade Commission and in well-established case law. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA. Any reasonable consumer reporting agency knows about or can easily discover these obligations.

33. Despite knowing of these legal obligations, Defendant intentionally or recklessly acted consciously in breaching its known duties and depriving Plaintiff and other Class members their rights under the FCRA. Plaintiff believes that Defendant did not obtain proper and valid certifications before furnishing consumer reports to its clients because Defendant did not want to incur the expenses associated with obtaining such certifications as to each consumer as to whom a consumer report was generated and provided by Defendant.

34. As a result of these FCRA violations, Defendant is liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), equitable relief, and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

## **DEFENDANT ACTED WILLFULLY**

35. Defendant knew or should have known that it is a consumer reporting agency subject to the FCRA.

36. As a nationwide CRA, Defendant was well-aware that it was subject to the mandates and requirements of the FCRA and knew or should have known about its legal obligations under the FCRA. These obligations are well-established in the plain language of the FCRA and in case law applying those provisions.

37. Defendant obtained or had substantial written materials that apprised it of its duties under the FCRA. Any reasonable consumer reporting agency knows about or can easily discovery these mandates.

38. Despite at least constructive knowledge of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff, and similarly situated individuals, of their rights under the FCRA.

39. Defendant's conduct was at least reckless in failing to appropriately and effectively ascertain the FCRA provisions governing its conduct and implementing procedures designed to comply with the FCRA's mandates.

## CLASS ACTION ALLEGATIONS

40. Plaintiff asserts his claims in Count I on behalf of a putative "Certification Class" defined as follows:

> **Proposed Certification Class:** All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Accurate Background, LLC furnished a consumer report for employment purposes within the period prescribed by FCRA, 15 U.S.C. §1681p, without first obtaining from the user of the report a certification that such user had complied with its obligations under Section 1681b(b)(2) as to the subject of the consumer report.

41. <u>Numerosity</u>: The members of the Class are believed to be in excess of 10,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

42. <u>Typicality</u>: Plaintiff's class claims are typical of the claims of Class members. Plaintiff for class certification purposes seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the class claims as the other members of the Class.

43. <u>Adequacy</u>: Plaintiff is an adequate representative of the Class because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the members of the Class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

44. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a. Whether Defendant violated Section 1681b(b)(1) by furnishing consumer reports for employment purposes without first obtaining from persons to whom it furnished such report a certification by such person as to each consumer report it furnished that such person "has complied with paragraph (2) [of Section 1681b(b)] with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable."

b. Whether Defendant's violations were willful.

45. <u>Superiority</u>: Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

## FIRST CLAIM FOR RELIEF
## (Count I: 15 U.S.C. § 1681b(b)(1))

46. Plaintiff realleges Paragraph Nos. 1–45 as if fully set forth herein.

47. According to Section 1681b(b)(1)(A), a "consumer reporting agency may furnish a consumer report for employment purposes only if—(A) the person who obtains such report from the agency certifies to the agency that—(i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation."

48. By failing to obtain the required specific certification from persons to whom Defendant furnished consumer reports as to each consumer report provided before providing the specific consumer report that was the subject of the certification, Defendant violated the express requirement of Section 1681b(b)(1).

49. The foregoing violations were willful, or, alternatively, were negligent. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in well-established case law. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the other Class members under 15 U.S.C. §§ 1681b(b)(1). Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant is a large corporation with access to legal advice through its own general counsel's office and outside counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

   b. Defendant knew or had reason to know that its conduct was inconsistent with the information provided to it by FTC guidance and case law interpreting the FCRA, and the plain language of the statute; and

   c. Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

50. Plaintiff and the Certification Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n.

51. Plaintiff and the Certification Class members are also entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3) as well as appropriate equitable relief in an amount to be determined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

a. Determining that this action may proceed as a class action under Rule 23(b)(1), (2), and (3) of the Federal Rules of Civil Procedure;

b. Designating Plaintiff as a class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c. Issuing proper notice to the Putative Class at Defendant's expense;

d. Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

e. Awarding statutory damages as provided by the FCRA;

f. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

g. Awarding equitable relief, requiring Defendant to change its policies and procedures to comply with the FCRA, including Section 1681b.

h. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Putative Class demand a trial by jury.

Dated: February 4, 2016

Respectfully submitted,

By: */s/ Michael A. Caddell*
Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
cbc@caddellchapman.com
Amy E. Tabor (SBN 297660)
aet@caddellchapman.com
Benjamin C. Wickert (*pro hac vice* application forthcoming)
bcw@caddellchapman.com
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, TX 77010-3027
Tel.: (713) 751-0400
Fax: (713) 751-0906
*Attorneys for Plaintiff*

Andrew Weiner, (*pro hac vice* application forthcoming)
aw@atlantaemployeelawyer.com
Jeffrey Sand (*pro hac vice* application forthcoming)
js@atlantaemployeelawyer.com
THE WEINER LAW FIRM LLC
3525 Piedmont Rd., 7 Piedmont Ctr. 3rd Fl.
Atlanta, GA 30305
(404) 254-0842 (t)
(404) 205-5029 (t)
(866) 800-1482 (f)